**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | | |
|---|---|---|
| **HOLLY G. CARNES** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **CASE NO. 2:21-cv-02101** |
| | ) | |
| **AHC OF OVERLAND PARK, LLC,** | ) | |
| **d/b/a ADVANCED HEALTH CARE** | ) | |
| **OF OVERLAND PARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT AHC OF OVERLAND PARK, LLC d/b/a ADVANCED HEALTH
CARE OF OVERLAND PARK'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR MORE DEFINITE STATEMENT OR TO STRIKE**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION...........................................................................................................1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND .........................................2

I.      ARGUMENT AND AUTHORITY ...........................................................................3

      A.  Requirement for Complaint Under Federal Rules of Civil
           Procedure 8(a)(2) and (e)(1) and 10(b). ...................................................3

      B.  Prohibited Content of Complaints under Federal Rules of
           Civil Procedure 12(f) ................................................................................4

      C.  Specific Examples of the Pervasive Deficiencies within Plaintiff's
           Complaint...................................................................................................5

              1.  Requirements of Fed. R. Civ. P. 8(a)(2) and (e)(1) –
                   Pleadings to be short, plain, simple, concise, direct ......................5

              2.  Irrelevant Material Unrelated to Plaintiff's Claims is Not Appropriate
                   in a Rule 8 Pleading Under Fed. R. Civ. P. 8 and 12 ...................10

      D.  Many Paragraphs in Plaintiff's Complaint Should be Stricken Pursuant to
           Fed. R. Civ. P. 12(f) ................................................................................12

      E.  If Plaintiff's Complaint is Not Stricken, Plaintiff Should be Required
           to Make Her Complaint More Definite and Certain ..................................14

## **TABLE OF AUTHORITIES**

### **Cases**

*A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.1989)............... 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 4

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................... 4

*Carreno v. Local Union No. 226, Int'l Bhd. of Elec. Workers,* No. 89-4083-S, 1990 WL 94561, at *1 (D. Kan. June 27, 1990) .............................................................. 5

*Carson v. Golz,* 829 F. App'x 853, 855 (10th Cir. 2020)................................................. 10

*Clark v. McDonald's Corp.,* 213 F.R.D. 198, 232-33 (D.N.J. 2003). .............................. 14

*Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957)....................... 4, 5

*Dean v. Gillette*, CIV.A.04-2100JWL-DJW, 2004 WL 3202867 (D. Kan. June 8, 2004) .. 4

*Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1142 (7th Cir. 2009) ..................................................................................................... 4, 5

*D.J. Young Publ'g Co., LLC ex rel. Young v. United Gov't of Wyandotte Cty.,* No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012)  ............................... 6

*Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994)........................................... 10

*Eastman v. County of Sheridan,* No. 7:07-CV-5004, 2007 WL 1814214 at *4 (D.Neb. Jun. 2007) ..................................................................................................... 14

*Farah v. Martin*, 122 F.R.D. 24, 25 (E.D.Mich.1988) ...................................................... 14

*Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp.2d 1151, 1153 (8th Cir. 2011). ................................................................................................ 6

*Hardin v. American Electric Power,* 188 F.R.D. 509, 510 (S.D. Ind. 1999) ............... 6, 12

*Iancu v. Brunetti*, 139 S.Ct. 2294, 204 L.Ed.2d 714 (S. Ct. 2019) ................................ 12

*In re Xcel Energy, Inc.,* 312 F. Supp. 2d 1165 at 1174-1175 (D. Minn. 2004)  ............. 12

*Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit.,* 507 U.S. 163, 168 (1993) ............................................................................. 3

*MasTec North America Inc. v. Allegiance Communications,* No. 06-02296, 2006 WL 3350712 *3 (D. Kan. November 2006) .......................................................................... 14

*Pigford v. Veneman,* 2015 F.R.D. 2, 4 (D.D.C. 2003)..................................................... 12

*Scofield v. Kansas Employment Security Board of Review*, 461 P.3d 865 (Kan. 2020) . 9

*Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004) ................................. 4

## <u>Rules</u>

Fed. R. Civ. P. 8 .............................................................................................................. 4, 10

Fed. R. Civ. P. 8(a)...................................................................................................... 2, 4, 11

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 3, 5, 6

Fed. R. Civ. P. 8 (e)(1) ................................................................................................... 3, 5

Fed. R. Civ. P. 9 ............................................................................................................... 4

Fed. R. Civ. P. 10(b)...................................................................................................... 3, 4

 Fed. R. Civ. P. 12(e)...................................................................................................... 3, 14

Fed. R. Civ. P. 12(f) ................................................................................................ 3, 4, 10, 12

## **INTRODUCTION**

AHC of Overland Park, LLC d/b/a Advanced Health Care of Overland Park (hereinafter "AHC" and/or "defendant") is a twenty-four (24) hour short term nursing and rehabilitation facility located off of Indian Creek Parkway and Roe Avenue in Overland Park, Kansas. AHC provides inpatient and outpatient rehabilitation and nursing services as an alternative to nursing home admission. AHC also provides around the clock skilled care including wound care, IV therapy, medication administration and basic assistance. AHC works with patients in an effort to help address functional abilities and assist with providing the mobility and confidence necessary for patients to return to independent living.

Plaintiff is a thirty-three (33) year old woman, who was working her first job as a certified nursing assistant ("CNA") at AHC. Plaintiff had completed a three (3) month course at Johnson County Community College to obtain her certification and her employment at her first CNA job at AHC lasted just over five (5) months in 2020. The events which are the subject of this lawsuit unfolded during the final days of her employment. During the time plaintiff was employed, plaintiff violated the Health Insurance Portability and Accountability Act ("HIPAA") and facility confidentiality requirements by taking photographs of patients and texting patient information and patient photos to individuals outside of the facility.

On October 6, 2020, plaintiff contacted the Overland Park Police Department and the Kansas Department of Aging and Disability Services ("KDADS"), and filed reports regarding patient treatment at AHC. The police and KDADS both responded to plaintiff's reports on October 7, 2020 and determined the reports to be unsubstituted. (Exhibit A,

October 7, 2020 Form CMS-2567(02-99).  Plaintiff was terminated on October 8, 2020 after she acknowledged that she had submitted the false reports to the police and the state (which had been investigated and found to be unsubstantiated). After she was terminated, plaintiff again filed more reports with KDADS against AHC resulting in a subsequent investigation on October 14, 2020. The additional reports by plaintiff were also fully investigated and found to be unsubstituted and without factual support. (Exhibit. B- October 14, 2020 Form CMS-2567(02-99).[1]

The twenty-three (23) page Complaint, Doc. 1, containing 220 numbered paragraphs violates the directive in Fed. R. Civ. P. 8(a) requiring a "short and plain statement" of the claims. Doc. 1. The Complaint sets forth a morass of allegations so vague and/or ambiguous and full of extraneous and immaterial content that defendant cannot reasonably be expected to respond. The Complaint, for example, repeatedly refers to the content of communications by and among individuals who are not parties to this suit. The allegations are redundant and/or immaterial to the claims asserted by plaintiff and serve no apparent purpose other than sensationalism and exaggeration to incite media attention.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1.    Plaintiff filed her Complaint in the District of Kansas on February 25, 2021.

2.    Defendant AHC was served on March 8, 2021.

3.    The Answer to plaintiff's Complaint is currently due on March 29, 2021, and this pending motion is timely filed under Rule 12(f).

---

[1] A work comp claim was also submitted by plaintiff to AHC on October 8, 2020, which will be addressed in other motions and briefs in this case.

## I.   ARGUMENT AND AUTHORITY

Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)(2) and (e)(1) as well as 10(b) by not pleading a short and plain statement of the claim showing that she is entitled to relief in paragraphs and other specific pleading requirements. AHC has moved the Court pursuant to Fed. R. Civ. P. 12(e) and (f) to strike certain portions plaintiff's Complaint, and/or to order the plaintiff to make many of the allegations of the Complaint more definite and certain to allow it to respond.

AHC has identified the objectionable paragraphs, individually, in its motion which should be made more definite in its Motion. Further, a significant part of plaintiff's Complaint reads like a grocery store tabloid and the Court should strike the paragraphs identified in the Motion which are "immaterial, impertinent and scandalous" and commentary and allegations that are improper under Fed. R. Civ. P. 12(f).  The failing in plaintiff's pleading permeates the Complaint and makes it is overly burdensome and, in some instances, impossible for AHC to properly respond to the allegations presented by plaintiff.

**A.   Requirement for Complaint Under Federal Rules of Civil Procedure 8(a)(2) and (e)(1) and 10(b).**

The relevant portions of the Federal Rules of Civil Procedure which apply in this setting start with Fed.R.Civ.P 8(a)(2) which requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Each paragraph of a pleading shall be simple, concise, and direct.  Fed. R. Civ. P. 8(e)(1).  The purpose of Rule 8 is to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County narcotics Intelligence and Coord. Unit.,* 507 U.S. 163, 168

3

(1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Fed.R.Civ.P. 10(b) next provides:

<u>A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.</u>   A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.  (Emphasis added).

The requirement under Rule 8(a) was addressed by The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.     Prohibited Content of Complaints Under Federal Rules of Civil Procedure 12(f).**

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "For purposes of ruling on a motion to strike, immaterial matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Dean v. Gillette*, CIV.A.04-2100JWL-DJW, 2004 WL 3202867 (D. Kan. June 8, 2004). The purpose of this rule is to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004). Accordingly, courts have struck requests for relief when they cannot, as a matter of law, be granted on the basis of the allegations contained in the pleadings. *See, e.g., Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554

F.3d 1133, 1142 (7th Cir. 2009) (affirming decision to strike a portion of a counterclaim for which there was no factual support); *Carreno v. Local Union No. 226, Int'l Bhd. of Elec. Workers,* No. 89-4083-S, 1990 WL 94561, at *1 (D. Kan. June 27, 1990) (striking prayer for relief that could not be awarded based on the allegations in the complaint).

**C.     Specific Examples of The Pervasive Deficiencies within Plaintiff's Complaint.**

        In its motion, AHC has identified the paragraphs which are the subject of its motion and will address generally the issues within the identified paragraphs herein. Because the Complaint is two hundred and twenty (220) paragraphs, AHC will set forth below examples from among the offending paragraphs in the Complaint to consider along with its' request to strike objectionable content and/or require plaintiff to amend to make portions of the Complaint more definite and certain.  The paragraphs in the Complaint which are non-compliant with the Rules and discussed below are examples, and AHC does not include a specific discussion of every objectionable paragraph which is the subject of defendant's Motion as that would take dozens of additional pages and briefing to specifically address the problems with each objectionable paragraph of the Complaint.[2]

        **1.     Requirements of Fed. R. Civ. P. 8(a)(2) and (e)(1) – Pleadings to be short, plain, simple, concise, direct.**

        Fed. R. Civ. Pro. 8(a)(2) requires a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief..." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957).  The requirement of a "short and plain statement" found in Rule 8(a)(2) is followed by Rule 8(e)(1) which requires that "each

---

[2] AHC is certainly willing, on the Court's direction, to provide specific briefing and argument on each paragraph which is the subject of this Motion, but did not want to burden the Court with that extensive analysis unless the Court so desires.

averment of a pleading shall be simple, concise, and direct." *Hardin v. American Electric Power,* 188 F.R.D. 509, 510 (S.D. Ind. 1999) (quoting Fed. R. Civ. P. 8(a)(2)).

Here, plaintiff has filed a "kitchen-sink" or "shotgun" Complaint which unfairly burdens both the Court and defendant requiring them to attempt to decipher the compound, unintelligible statements to determine what, if any, viable claims plaintiff has plead against the defendant. With many paragraphs alleging the plaintiff "learned" this or that, defendant is left unable to respond because plaintiff appears to ask defendant what she learned from who, and when.[3] Throughout time, courts have repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints where the plaintiff brings every conceivable claim against every conceivable defendant. *D.J. Young Publ'g Co., LLC ex rel. Young v. United Gov't of Wyandotte Cty.,* No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (citing *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp.2d 1151, 1153 (8th Cir. 2011)). Complaints, like the one filed in this case, unfairly burden the defendant and the Court. When a plaintiff files a kitchen-sink Complaint she shifts the burden onto the defendant and the Court to identify the plaintiff's genuine claims and determine which of those claims might have evidentiary and legal support.

Witness the contents of paragraphs 18, 19, 20 and 21 in the Complaint. Plaintiff states that "upon information and belief" events occurred and she "expressed concerns regarding Patient 1 and Patient 2." Plaintiff fails to provide any information to allow defendant to respond. She does not identify the patients[4], what "concern" was

---

[3] Plaintiff has alleged numerous paragraphs throughout her Complaint stating that she "learned" facts which she is alleging in the Complaint. This makes it appear that plaintiff does not have personal knowledge of the facts and is simply alleging hearsay as fact in paragraphs: 50, 51, 52, 56, 57, 59, 60, 94, 95, 109 and 163.

[4] Defendant recognizes privacy law may prevent use of patient names, but plaintiff ought to be required to provide information to identify the patient, be it initials, description, date of birth, etc.

communicated, to whom the "concern" was communicated, or when she expressed the "concern". Plaintiff further alleges that Patient 1 and Patient 2 were in danger and were not being properly cared for, but again fails to set forth anything beyond the bold conclusory statement in order to allow defendant to respond. The allegations in Paragraphs 18, 19, 20 and 21 appear to lead the Court and the defendant to believe that plaintiff possessed adequate knowledge and training regarding these patients, and that is not the case.[5] Plaintiff's allegations in these paragraphs require AHC to speculate about essentially everything contained in the allegation, including the identity of individuals, condition of these patients, and any other details. The Court should strike Paragraphs 18, 19, 20 and 21 from plaintiff's Complaint, or as addressed at section B order plaintiff to make the allegations more definite and certain in order to allow AHC to respond.

Another example of the deficiencies in plaintiff's Complaint are identified in paragraphs 27, 28 and 29. Plaintiff begins in paragraph 27 by stating that she called the Kansas Child Protective Services ("KCPS") and made a report as she had been directed. First, KCPS has nothing to do with the subject matter alleged by plaintiff.[6] Plaintiff does not identify who she called, what time she called or what was allegedly reported In Paragraphs 28 and 29, plaintiff discusses what she stated in her report, but fails to include any information supporting her claims and identifying the details of her report.[7] Plaintiff is

---

[5] The reality is that plaintiff is a CNA and is not qualified or trained to analyze patient's conditions and prescribe treatment.

[6] KCPS is an agency which investigates child abuse and neglect. It focuses mainly on removing children from dangerous environments and placing them in safe homes. http://www.dcf.ks.gov/services/pps/pages/childprotectiveservices.aspx

[7] There was never any contact by KCPS with AHC about any complaint by plaintiff so AHC needs the specifics in order to be able to research and respond to plaintiff's allegations.

requiring AHC to speculate on all of the information she listed in the above paragraphs due to the lack of clarity and she fails to assert any factual support to substantiate her allegations in these paragraphs.

Plaintiff alleges in Paragraphs 38, 39, 41 and 42 that she spoke to a co-worker (who is not a party to the lawsuit), regarding Patient 3. The allegations in Paragraphs 38, 39, 41 and 42 suggest plaintiff possessed adequate knowledge and training regarding these patients, and that is not the case as she is only a CNA.[8] She states that "Patient 3 had bruising on her arm and was exhibiting intense pain", but fails to provide any information to allow defendant to respond. She does not identify the patient[9], where on the patient's arm the bruising was, a description of how Patient 3 was exhibiting "intense pain", (as opposed to a conclusory statement), when the patient was allegedly experiencing this pain, etc.

Plaintiff further alleges that Patient 3 was not being properly cared for, but again fails to set forth any facts beyond the bold, conclusory statement in order to allow defendant to respond. Plaintiff's allegations in these paragraphs require AHC to speculate regarding essentially everything that is alleged from the identify of this patient, to the condition and other details as set forth herein.  Additionally, plaintiff admits that she texted HIPAA protected information from inside the facility to her co-worker, on personal cell phones, regarding a patient's medical status. Plaintiff also admits to violating HIPAA law

---

[8] The reality is that plaintiff is a CNA and is not qualified or trained to analyze patient's conditions and prescribe medication or treatment.

[9] Defendant recognizes privacy law may prevent use of patient names, but plaintiff ought to be required to provide information to identify the patient, be it initials, description (i.e. 73 year old, AA, female), date of birth, etc.

and AHC confidentiality policies by texting photographs of Patient 3 to another person outside the facility without authorization or the patient's consent.[10]

Paragraphs 57, 58, 59 and 60 refer to Patient 1, but again give no identifying information as to who Patient 1 is (i.e. age, description, date of birth, etc.). Additionally, plaintiff states that she "learned" about these allegations, but does not indicate where or who she learned these facts from, what was said, what was charted, etc. Plaintiff's allegations in paragraphs 57, 58, 59 and 60 are hearsay and should be removed by the Court, or ordered to properly plead so that defendant does not have to speculate as to which patient plaintiff is referring to. Plaintiff offers no factual support for these allegations and should be made to make the allegations contained in paragraphs 57, 58, 59 and 60 more definite and certain.

Another example of plaintiff's deficient allegations are found in paragraphs 75 and 76. In this paragraphs, plaintiff states that she attempted to report the incidents to the Elder Abuse Hotline, but does not include any information regarding who she spoke to, the date she called the hotline, what she was told or what "incidents" she was reporting. Plaintiff's lack of information makes it impossible for AHC to provide a responsive answer and as such, plaintiff should be required to make the allegations contained in paragraphs 75 and 76 more definite and certain.

Further, another example of plaintiff's violation of Rule 12(f) is found in plaintiff's allegations contained in Paragraphs 91, 92 and 93. As the Court can note, again there are no specifics included in the Complaint to support the claim and the allegations are purely based on hearsay, which is improper support to plead a claim. Accordingly, none

---

[10] Plaintiff's admissions to the HIPAA violations expose her to termination under any circumstances. *Scofield v. Kansas Employment Security Board of Review*, 461 P.3d 865 (Kan. 2020).

of these allegations meet the pleading requirements under Fed. R. Civ. P. 8 and 12 and, therefore, are legally deficient and should be stricken from plaintiff's Complaint.

Finally, paragraphs 94 and 95 allege facts which plaintiff does not have personal knowledge of and her allegation is that she "learned" information from other individuals. She fails to identify who she learned the information from, when she learned the information, and details of the conversation. The form of the allegation is improper, as plaintiff is literally asking AHC to admit a day she "learned" something, from someone, without providing any details.[11] Further, in paragraph 94, plaintiff does not indicate which police officer she spoke to when she called and fails to include the fact that the Overland Park Police Department responded to her complaint and found nothing substantiate her claim. The Court should strike the content of paragraphs 94 and 95 on the basis that plaintiff does not have personal knowledge of the facts contained in the allegation.

### 2. Irrelevant Material Unrelated to Plaintiff's Claims is Not Appropriate in a Rule 8 Pleading Under Fed. R. Civ. P. 8 and 12.

Plaintiff has included a voluminous amount of irrelevant material within her Compliant, including some paragraphs discussed above, which results in a direct violation of Fed. R. Civ. P. 8. Plaintiff's Compliant contains statements and allegations which don't even pertain to her, or the case at issue, and as such, result in an ineffective pleading and should be stricken pursuant to Fed. R. Civ. P. 12(f).  The Tenth Circuit Court of Appeals has stated that courts have "considerable" discretion when deciding motions to strike. *Carson v. Golz,* 829 F. App'x 853, 855 (10th Cir. 2020); *Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994).

A number of paragraphs in the Complaint that do not relate to plaintiff at all appear

---

[11] A similar impairment exists with the paragraphs referenced in footnote 3.

to present information she did not personally perceive and now claims them as "facts" in the case. Rather than properly pleading under Rule 8(a)(2), she burdens the Court and defendant with completely irrelevant, extraneous facts about non-parties set forth in several paragraphs of the Complaint.  Witness the contents of Paragraphs 15, 16, and 17 as examples of including factually unsupported, scandalous, allegations which don't even apply to plaintiff. Plaintiff asserts that individuals, who are not parties to this lawsuit, had concerns regarding Patient 1. Plaintiff has no way of knowing how other employees of AHC felt regarding Patient 1's condition and plaintiff's allegations are merely speculative.

Paragraphs 66, 67, 68, 69 and 70 are equally troubling as plaintiff makes allegations regarding the injury she claims to have sustained while working at AHC. Plaintiff makes no indication of how her alleged injury relates to her claim for wrongful termination due to reporting under K.S.A. 39-1432. Plaintiff claims that she was terminated for making a report to the police department and state investigative agency, the on the job injury plaintiff alleges which was, ironically, presented to AHC the same day as the false allegations were revealed, has nothing to do with her claims and should be stricken from the Complaint.

In paragraphs 85 and 86 plaintiff claims that AHC hired third-party "sitters" as contractors at the facility to sit with patients and provide around the clock observation. Plaintiff was not in charge of hiring at AHC and only has hearsay knowledge regarding administrative operations. Additionally, these allegations provide no factual support and are irrelevant to plaintiff's claims.

If the information in the Complaint regarding non-party litigants is relevant at all, it is something that should be developed through discovery, not laid out in hearsay in the

pleadings as plaintiff has done. *Hardin v. American Electric Power,* 188 F.R.D. 509, 510 at 511 (S.D. Ind. 1999) (the evidentiary material supporting the general statements contemplated by Rule 8(e)(1) normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process); *see also In re Xcel Energy, Inc.,* 312 F. Supp. 2d 1165 at 1174-1175 (D. Minn. 2004). Holly Carnes is the sole plaintiff in this action and she worked the day shift during her time at AHC, which generally began at 6:00 a.m. and lasted between eight (8) to nine (9) hours. The unsubstantiated allegations relating to non-party individuals, and patients during other shifts, have no place under the Federal Rules and it is improper for her to attempt to bring in additional allegations of another individual who is not a party to this litigation.

**D.    Many Paragraphs in Plaintiff's Complaint Should be Stricken Pursuant to Fed. R. Civ. P. 12(f).**

Plaintiff's Complaint contains immaterial, impertinent and scandalous allegations that are improper under Fed. R. Civ. P. 12(f). Material is "scandalous" when it "giv[es] offense to the conscience or moral feelings"; "excite[s] reprobation"; or "call[s] out condemnation." *Iancu v. Brunetti*, 139 S.Ct. 2294, 204 L.Ed.2d 714 (S. Ct. 2019). The "immoral or scandalous" bar similarly discriminates on the basis of viewpoint and so collides with this Court's First Amendment doctrine. Expressive material is "immoral" when it is "inconsistent with rectitude, purity, or good morals"; "wicked"; or "vicious." *Iancu,* 139 S.Ct. at 2299, 204 L.Ed.2d 714. "Scandalous" material uncesessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court. *Pigford v. Veneman,* 2015 F.R.D. 2, 4 (D.D.C. 2003).

Plaintiff's scandalous and improper allegations will cause severe prejudice to AHC if this action were to progress to trial. The jury may interpret the false allegations as a

confirmation that defendant did in fact commit the acts in which it is allegedly accused of, therefore, denying defendant it's right to an unbiased jury. Due to these improper allegations, including those contained in paragraphs 18, 19, 20, 21, 22, 26, 27, 28, 32, 33, 34, 41, 42, 48, 53, 61, 66, 67, 68, 69, 70, 78, 80, 81, 82, 83, 84, 88, 91, 92, 93, 94, 95, 98, 99, 103, 104, 108, 161, 162, 163, 164, 165, 166, 167, 168 and 169 the Court should strike these paragraphs in plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f).

Another example of the deficiency in the Compliant is found at Paragraph 78, which is twelve (12) lines long and jumps past all of the facts which form the basis of any possible claim and, instead, discusses the sparse information which was include with her report to the police. As it stands now, this sentence appears to be simply contain more unsubstantiated, compound and argumentative content with no basis in fact. It is undisputed that the police responded to plaintiff's complaint and found it to be unsupported. The Court should strike the content of paragraph 78 on the basis that it is a compound, run on sentence that contains no facts related to the claims at issue.

In paragraphs 161, 162, 163, 164, 165, 166, 167, 168 and 169 plaintiff refers to testimony that was given in a workers' compensation case and fails to provide a proper citation to the deposition testimony which is paraphrased. The Court should strike the content of paragraphs 161, 162, 163, 164, 165, 166, 167, 168 and 169 on the basis that plaintiff did not provide proper citation for the allegations and without proper citations to the deposition transcript, plaintiff's allegations are merely hearsay. If the Court determines that the paragraphs should not be stricken, defendant asks that the Court require plaintiff to replied the allegations and make them more definite and certain.

13

**E.     If Plaintiff's Complaint is Not Stricken, Plaintiff Should be Required to Make Her Complaint More Definite and Certain.**

While AHC believes dismissal is proper, alternatively, this Court may require a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Federal Rule of Civil Procedure 12(e). A motion for more definite statement is proper when a party is unable to determine issues he must meet, *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.1989), or where there is a major ambiguity or omission in the complaint that renders it unanswerable. *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D.Mich.1988).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement is appropriate when the Complaint is unclear to the extent that "the defendants can only guess as to what conduct" an allegation refers. *MasTec North America Inc. v. Allegiance Communications,* No. 06-02296, 2006 WL 3350712 *3 (D. Kan. November 2006). In addition, courts have granted a motion for more definite statement "where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendants cannot, in good faith, answer the Complaint with a general denial. *Eastman v. County of Sheridan,* No. 7:07-CV-5004, 2007 WL 1814214 at *4 (D.Neb. Jun. 2007)(quoting *Clark v. McDonald's Corp.,* 213 F.R.D. 198, 232-33 (D.N.J. 2003)).

Plaintiff has made numerous speculative allegations that lack sufficient information which would allow AHC to properly respond to plaintiff's Complaint. In the event the Court finds the plaintiff's allegations as to AHC survive the foregoing motion to strike, plaintiff should be ordered to make more definite her allegations against AHC within her Complaint. AHC has moved to make paragraphs 10, 11, 13, 14, 15, 16. 17, 24, 29, 30, 31, 38, 39, 51, 56, 57, 58, 59, 60, 62, 64, 65, 75, 76, 77, 85, 90, 96, 97, 100, 101, 103, 109, 113 and 120 of plaintiff's Complaint more definite and certain.

Plaintiff's Complaint does not give defendant fair notice of the facts which allegedly support the claims against him and the grounds on which the claims are based. Due to plaintiff's vague accusations and lack of organization, defendant cannot, answer the Complaint and plaintiff should be ordered to make the designated paragraphs more definite and certain.

WHEREFORE, AHC of Overland Park, LLC, d/b/a/ Advanced Healthcare of Overland Park respectfully requests that this Court enter its Order striking portions of plaintiff's Complaint or, in the alternative, for the court's order commanding plaintiff to make the designated paragraphs in her Complaint more definite and certain, and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**EVANS & DIXON, L.L.C.**

*/s/ Brian J. Niceswanger*
Brian J. Niceswanger          KS #12531
Stephanie A. Preut          KS #24971
82 Corporate Woods, Suite 900
10851 Mastin Boulevard
Overland Park, KS 66210
(T) 913.701.6810
(F) 913.341.2293

KCCivilLit@evans-dixon.com
**ATTORNEYS FOR DEFENDANT**
**AHC OF OVERLAND PARK, LLC**
**d/b/a ADVANCED HEALTHCARE**
**OF OVERLAND PARK**

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Brian J. Niceswanger*
ATTORNEY FOR DEFENDANT