UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOLLY G. CARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2101-HLT |
| | ) |
| AHC OF OVERLAND PARK, LLC, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff, Holly G. Carnes, worked as a certified nursing assistant at defendant's Overland Park, Kansas nursing facility. She alleges in her complaint that because she made reports of patient abuse and neglect to the Kansas Department of Aging and Disability Services, defendant terminated her and then refused to negotiate in good faith a case she brought against defendant for worker's compensation benefits.[1] Instead of filing an answer to plaintiff's complaint, defendant opted to file a motion to strike portions of the complaint and/or for a more definite statement under Fed. R. Civ. P. 12(e) and (f) (ECF No. 4). Defendant argues both that the complaint contains too much information and that the complaint does not contain enough information to allow it to properly respond. Because the court finds plaintiff's complaint clearly satisfies the notice-pleading standard and makes no improper allegations, the motion is denied.

---

[1] ECF No. 1.

First, defendant vaguely complains "plaintiff has filed a 'kitchen-sink' or 'shotgun' Complaint" from which it cannot determine "what, if any, viable claims plaintiff has plead [sic] against the defendant."[2] The court has reviewed the complaint. It is 23 pages and clearly sets forth, in two labeled "counts," the basis for plaintiff's requests for relief. While detailed, it is far from a "kitchen-sink" complaint "where the plaintiff brings every conceivable claim against every conceivable defendant."[3] Two claims are brought against a single defendant. Defendant's objection on this basis is overruled.

Next, defendant moves to strike particular paragraphs of the complaint that contain "irrelevant material" or "unsupported, scandalous, allegations which don't even apply to plaintiff."[4] Although Rule 12(f) gives the court the discretion to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," the court is mindful that "motions to strike are generally disfavored."[5] The court should generally decline to strike allegations unless they (1) have no possible relation to the controversy and (2) may prejudice one of the parties.[6] Scandalous matter is that which improperly casts a derogatory

---

[2] ECF No. 5 at 10.

[3] *Id.*

[4] *Id.* at 14-17.

[5] *Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc.,* No. 12-2624, 2013 WL 3984371, at *1 (D. Kan. 2013).

[6] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007) (citing *Sunlight Saunas, Inc. v. Sundance Sauna, Inc*., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006)).

light on someone, often allegations that "degrade a party's moral character, contain repulsive language, or detract from the dignity of the court."[7] Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike.[8]

Applying these standards, the court concludes defendant's request to strike should be denied. The factual contentions in the complaint do not rise to the level of scandalous matter. The allegations related to plaintiff's concerns over patient care could have a "possible relation" to her claim that she was retaliated against for reporting such concerns. Moreover, the recitation of deposition testimony given by administrator Corey Craig in plaintiff's worker's compensation case could be possibly related to plaintiff's retaliation claim. Although the court does not now determine the admissibility of such testimony as evidence in this case, defendant's argument that hearsay must be stricken from complaints is contrary to the law in this district[9] and is rejected.

Finally, defendant asserts many paragraphs in the complaint are vague and require repleading under Rule 12(e). For example, defendant notes plaintiff's allegations do not identify what plaintiff's "concerns" were, which patients she had concerns about, from whom she "learned" certain information, or details about to whom she reported

---

[7] *Dolezal v. Starr Homes, LLC*, No. 18-2524, 2019 WL 587959, at *2 (D. Kan. Feb. 13, 2019).

[8] *Id.*

[9] *See id.* (denying motion to strike on hearsay grounds).

3

information.[10]  Defendant argues such "speculative allegations that lack sufficient information" prevent it from answering the complaint,[11] and asks the court to order plaintiff to revise the offending paragraphs to make them more definite.

Rule 12(e) provides an avenue for a responding party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." But "[a] motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[12] Motions for a more definite statement are "disfavored in light of the liberal discovery provided under the federal rules."[13] Rather, "[w]hen a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process."[14]

---

[10] ECF No. 5 at 10-14.

[11] *Id.* at 19.

[12] *Norwood v. UPS*, No. 19-2496-DDC, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

[13] *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004); *see also Norwood*, 2020 WL 5802078, at *19 (ruling motions for more definite statements "generally are disfavored").

[14] *May v. Rottinghaus Co.,* 394 F. Supp. 3d 1334, 1339 (D. Kan. July 31, 2019) (citing *Suede Grp., Inc. v. S Grp., LLC*, No. 12-2654, 2013 WL 183752, at *2 (D. Kan. Jan. 17, 2013)); *see also Norwood*, 2020 WL 5802078, at *19 ("[A]party cannot invoke Rule 12(e) as a method of pretrial discovery. . . ."); *Capers v. Samson Dental Partners LLC*, No. 18-2531, 2019 WL 858749, at *2 (D. Kan. Feb. 22, 2019) ("[T]he discovery process should

Suffice it to say, defendants bringing Rule 12(e) motions face a high hurdle. After reviewing the complaint, the court finds defendant has not met its burden of demonstrating an amended complaint is necessary for it to defend itself in this action. The court finds the pleaded facts give defendant fair notice of plaintiff's claims, and defendant may flush out the details of those claims during discovery.

IT IS THEREFORE ORDERED that defendant's motion to strike or for a more definite statement (ECF No. 4) is denied.

Dated March 30, 2021, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

be used to learn additional details with respect to the claims." (quoting *Ewing v. Andy Frain Sec. Co.,* No. 11-2446, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012)).