UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| HOLLY G. CARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 21-2101 |
| | ) |
| AHC OF OVERLAND PARK, LLC | ) |
| d/b/a ADVANCED HEALTHCARE | ) |
| OF OVERLAND PARK, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

The parties to the above-captioned action agree during the course of discovery it may be necessary to disclose certain information of a confidential and/or proprietary information related the allegations contained in plaintiff's Complaint. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeal. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because discovery in these cases will include exchange of documents that contain confidential protected health information of third parties that are confidential under the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), 42 U.S.C. § 1320d *et. seq*; Plaintiff's tax returns and other financial records; electronic or cell phone records, files and information; documents and records

1

from the human resources or personnel files of certain current and former employees or administrators of AHC of Overland Park, LLC d/b/a Advanced Health Care of Overland Park ("AHC"), policies, procedures and/or training materials (including, but not limited to employee handbooks, presentations, training manuals, etc.) from AHC that are proprietary in nature, internal company communications and contracts, all of which should be shielded from public disclosure.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

**1.     Scope.**  All specifically designated documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.     Definition of Confidential Information.**  As used in this Order, "Confidential Information" is limited to information or materials that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, and until and unless this Order

has been further modified by the Court, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

- Protected health information of non-party patients that is subject to HIPAA, and patient names may be redacted on these records as "Patient A" or similar pseudonym utilized;
- Plaintiff's tax returns and other financial records;
- Electronic and cell phone records, files, data and contents; and
- Documents and records from the human resources or personnel files of current and former administrators and employees of AHC, policies, procedures and/or training materials (including, but not limited to employee handbooks, presentations, training manuals, etc.) from AHC that are proprietary in nature, internal company communications and contracts.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.     Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document or other material and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a

document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

**4.     Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

**5.     Designation of Previously Disclosed Documents.**  A party that disclosed documentation prior to the entry of this Protective Order may designate such previously disclosed documents as containing Confidential Information so long as a claim of confidentiality is asserted within 14 days after the entry of this Protective Order.

**6.     Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected and is limited to those categories of information or documents specified in this Order.

7. **Protection of Confidential Material**.

(a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

      (10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

  **(c)** **Control of Documents and Materials.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents and materials designated as containing Confidential Information pursuant to the terms of this Order.

  **8.** **Filing of Confidential Information.**  If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

  **9.** **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial

intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**10.    Use of Confidential Documents Materials or Information at Trial or Hearing.** This Order is intended to govern the use of Confidential Information in discovery and written submissions to the Court. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. The use of any Confidential Information at any trial or hearing will be considered separately by the Court as the need arises.

**11.    Obligations on Conclusion of Litigation**.

(a)    **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return or Destruction of Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced

the document, or be certified as destroyed, unless the document has been offered into evidence or filed without restriction as to disclosure.

**(c)     Retention of Work Product.**     Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product and one set of all documents designated as Confidential Information in their respective litigation files.  Any Confidential Information contained in litigation files will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**12.    Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**13.    Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case or cases for the limited purpose of enforcing or modifying the provisions of this Order.

**14.    No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**15. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**16. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**17. Protections Extended to Third-Party's Confidential Information**. The parties agree to extend the provisions of this Protective Order to Confidential Information produced in the cases by third parties, if timely requested by the third party.

**18. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in the action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**19.** **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by

10

the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**20.    Preservation of Discovery Objections.**  This order shall not limit any party's right to object to discovery on any permissible ground, including, but not limited to, the appropriate scope and proportionality of discovery requests as specified in Federal Rule of Civil Procedure 26.  Any such objections shall be resolved in the ordinary course as contemplated by the Federal Rules of Civil Procedure, local rules, and the rules and procedures of the judge assigned to this case.

**IT IS SO ORDERED.**

Dated: May 11, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |
|---|---|
| */s/Robert A. Bruce (with consent)* | */s/Brian J. Niceswanger* |

| | |
|---|---|
| Daniel L. Doyle,     KS Bar No. 11260<br>Robert A. Bruce,    KS Bar No. 28332<br>DOYLE & ASSOCIATES, LLC<br>748 Ann Avenue<br>Kansas City, KS 66101<br>(913) 371-1930<br>(913) 371-0147 Facsimile<br>d.doyle@ddoylelaw.com<br>r.bruce@ddoylelaw.com<br>**ATTORNEYS FOR PLAINTIFF** | Brian J. Niceswanger      KS #12531<br>Stephanie A. Preut          KS #24971<br>**EVANS & DIXON, L.L.C.**<br>82 Corporate Woods, Suite 900<br>10851 Mastin Boulevard<br>Overland Park, Kansas 66210<br>(T): 913-701-6810<br>(F): 913-341-2293<br>KCCivilLit@evans-dixon.com<br>**ATTORNEYS FOR DEFENDANT** |